Commonwealth *v.* Stauffer, Appellant.

Submitted December 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*R. S. Trigg* and *Edward F. Browne, Jr.*, Assistant Public Defenders, for appellant.

*Charles A. Achey, Jr.*, Assistant District Attorney, and *D. Richard Eckman*, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 29, 1976:
Appellant contends that his sentence for theft was excessive because he was sentenced under §3903(b)(1) of the Crimes Code,[1] rather than under §3903(b)(2).[2]

---

1. Act of December 6, 1972, P.L. 1482, No. 334, §1; as amended June 17, 1974, P.L. 356, No. 118, §1, imd. effective; 18 Pa.C.S. §3903(b)(1).
2. Crimes Code, supra, n.1; 18 Pa.C.S. §3903(b)(2).

Appellant was indicted for burglary and theft on bill number 1902, 1974, by the Lancaster County Grand Jury. Prior to trial, however, the court dismissed the burglary charge upon application by the prosecutor.[3] After two days of testimony on January 27, and 28, 1975, a jury found appellant guilty of theft of a television set. After denial of post-trial motions, the lower court sentenced appellant to pay a fine of $50.00 and to serve a term of imprisonment of nine to eighteen months.

Appellant concedes that he was properly convicted of theft under §3921(a),[4] but contends that he was sentenced under the wrong subsection of the grading of theft offenses statute. Section 3903 provides, *inter alia*, that:

"(b) ... Theft not within subsection (a) of this section, constitutes a misdemeanor of the first degree, except that if ...:

"(1) the amount involved was fifty dollars ($50.00) or more but less than two hundred dollars ($200) the offense constitutes a misdemeanor of the second degree; or

"(2) the amount involved was less than fifty dollars ($50) the offense constitutes a misdemeanor of the third degree."[5]

The statute, as amended on June 17, 1974, places the burden of proving valuation on the Commonwealth. See also, *Commonwealth v. McKennion*, 235 Pa. Superior Ct. 160, 340 A. 2d 889 (1975); *Commonwealth v. Kuykendall*, 231 Pa. Superior Ct. 457, 331 A. 2d 686 (1974). Further, §3903(c) defines "value" as

---

3. No specific reason for the application appears of record. The evidence, however, indicated that appellant and the owner of the premises from which the television was taken were friends and that she had given him permission to be in the apartment at the time that the television set was taken.

4. Crimes Code, supra, n.1; 18 Pa.C.S. §3921(a).

5. A misdemeanor of the second degree is punishable by a maximum of two years in prison. 18 Pa.C.S. §1104(2). A misdemeanor of the third degree is punishable by a maximum of one year in prison. 18 Pa. C.S. §1104(3).

"(1) ... the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime ...

"(3) When the value of property cannot be satisfactorily ascertained pursuant to the standards set forth in paragraphs (1) and (2) of subsection (c) its value shall be deemed to be an amount less than fifty dollars ($50) ...."

In the instant case, the Commonwealth presented testimony of the complaining witness. She offered no testimony at all concerning the value of her television set. The Commonwealth's only other witness, Detective Herman Simms, gave no evidence concerning valuation on direct examination. The only evidence on the issue was the following exchange which was elicited on cross-examination of Simms on behalf of appellant's co-defendant:

"Q. Now, in your interview on the twenty-fourth of September, 1974, with [appellant's co-defendant], did he tell you how he actually came into possession of this television set?

"A. Yes, he did.

"Q. How did he come into possession?

"A. He told me that he had given Charley Stauffer [appellant] $55.00 to buy drugs. Charley Stauffer bought the drugs as far as he knew and used them and did not turn the drugs over to him, and Charley Stauffer took him back to Janice Kline's house and gave him the television set in payment for the $55.00.

"Q. Now, when he said that he went to Janice Kline's house, did he tell you whether he knew that that was Janice Kline's house or whose house it was?

"A. He didn't care. He wanted $55.00 or something of that value."

Evidence elicited on cross-examination by the Commonwealth can establish one of the essential elements of a crime. Nonetheless, we hold that this evidence simply

does not conform to the statutory requirement that the Commonwealth prove the value of the stolen goods by proving fair market value at the time and place of the crime, or if that is impossible, by proving replacement cost. Thus, under §3903(c)(3), the value of the stolen goods can be placed no higher than $50.00. As a result, appellant should have been sentenced under §3903(b)(2) which makes theft of an item valued at less than $50.00 a misdemeanor of the third degree.

Therefore, we remand the case for resentencing under §3903(b)(2).

PRICE, J., dissents.