419 A.2d 735

COMMONWEALTH of Pennsylvania

v.

**Robert WALKER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed April 25, 1980.

Reargument Denied July 7, 1980.

Leonard Sosnov, Assistant Public Defender, John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, WIEAND and VAN der VOORT, JJ.*

VAN der VOORT, Judge:

Appellant was convicted of receiving stolen property in a trial without jury. He has appealed to this Court, raising two alleged reversible errors.

I The first is that the lower court improperly granted a petition to extend the trial time beyond 180 days in violation of Rule 1100.

Judge White disposes of this argument in his opinion by saying that the record disclosed "several continuances due solely to appellant's incarceration in Bucks County on an unrelated charge. This period of delay is attributable to appellant and due diligence was established by the prosecution."

Counsel for appellant says the petition to extend the time beyond 180 days should not have been granted because the petition recited only that a period of 7 days was excludable under Rule 1100(d), August 3–10, 1978 when "defendant failed to appear; in Bucks County prison."

The petition for an extension was heard by Judge Blake. The Commonwealth presented evidence through two police officers establishing that a warrant for arrest was issued on May 16, 1978. Between that date and June 3, 1978, Officer Kadelock tried to locate appellant at his stated residence, the home of his mother–in–law. She told him that appellant was not there; and his wife had separated; and gave him a phone number. He reached the wife by phone and received some suggestions as to where appellant might be found." This area the officer visited in the hope of finding appellant. Nothing further was done until July 18th when Detective Canamucio was assigned to assist Kadelock. He checked the wife's new residence and was informed appellant was in Bucks County prison. The arrest was made on July 27, 1978.

May 16, 1978 is the starting day for the 180 day period and the period would end November 13, 1978. Judge Blake was

* Judge DONALD E. WIEAND is sitting by special designation.

satisfied that the Commonwealth had established that appellant was unavailable and that the Commonwealth had exerted due diligence to June, 6, 1978, roughly 20 days. Therefore, he extended trial time to December 2, 1978, over objection of appellant.

The trial before Judge White commenced on November 20, 1978.

Appellant makes two ingenious arguments.

■ The first argument is that the seven day period from August 3 to August 10, 1978 is not excludable time under Rule 1100(d), because mere incarceration in another jurisdiction does not make him "unavailable", *Commonwealth v. Bass*, 260 Pa.Super. 62, 393 A.2d 1012 (1978) at 1014. We agree with this general statement. However, as appears clearly from the transcript, Judge Blake considered that the period from May 16, 1978, the date the complaint was filed, to June 6, 1978, when officer Kadelock suspended his efforts to find appellant, was time to be excluded with or without a petition to extend, under Rule 1100(d)(1) because during that period, despite due diligence, appellant was unavailable. We think Judge Blake was right. See *Commonwealth v. Weber*, 256 Pa.Super. 483, 486, 390 A.2d 206, 207 (1978).

■ The second argument of appellant; as we *read* it, is that the Commonwealth demonstrated no need for an extension of trial time beyond the original 180 days, even though appellant was not located until July 18th, and was in jail August 3–10th, 1978 when according to the petition to extend the Commonwealth was ready to proceed with trial. Appellant's counsel says at page (12): "There must also be a demonstrated need for the extension of time before trial . . . ."

We think no such "demonstrated need" is required for the period to be excluded from the 180 days. Rule 1100(d) provides:

"In determining the period for *commencement of trial*, there shall be excluded therefrom such period of delay *at any stage of the proceedings* as results from:

(1) the unavailability of the defendant . . ." [Emphasis supplied]

 It might very well be, in any given case, that the lapse of say 20 days (or in our case 72 days) in making an arrest would not necessarily prevent commencement of trial within the remaining 160 days (or 108 days). Nevertheless the language of 1100(d) quoted above, provides for the exclusion of "such period of delay at any stage of the proceedings." It seems obvious that a 20 day lapse of time in making an arrest necessarily delays for that period of time the next order of the procedures which, in almost all cases, occur between the moment of arrest and the moment of trial. See *Commonwealth v. Shelton*, 469 Pa. 8, 17, 364 A.2d 694, 699 (1976), and *Commonwealth v. Mitchell*, 472 Pa. 553, 560, 372 A.2d 826, 831 (1977).

We think the record in this case demonstrates sufficiently that Rule 1100 was not violated.

II Appellant's second argument is that the Commonwealth failed to establish the value of the stolen items, so that Judge White erred in grading appellant's conviction of receiving stolen property as a misdemeanor of the first degree. 18 Pa. C.S. § 3903 provides for grading the offense as a misdemeanor of the first degree if the value of the property involved is over $200; second degree if between $50 and $200; and third degree if less than $50.

 At the trial the parties stipulated that 11 enumerated stolen items had an aggregate value of $831 (N.T. 59–60). Appellant says that there was proof at the trial that he received only three times, a tape recorder, a film projector, and a microphone[1] (N.T. 69) and there was no proof of the

---

1. The witnesses' testimony specifically was: "A tape recorder, a bag of Magic Markers, a film–strip projector and a bag of microphones and cords . . ." (N.T. 66).

value of these items. We have reviewed the testimony and have found no testimony establishing the value of the items proved to have been in appellant's possession. The burden of proof of value is upon the prosecution: *Commonwealth v. Stauffer*, 239 Pa.Super. 463, 361 A.2d 383 (1976) and was not carried satisfactorily in this case. The stipulation as to the total value of $831 for 11 items, presumably including the 3 items as to which there was evidence of possession by appellant, without more, was not enough to establish that the 3 items had a value in excess of $50.

We sustain the conviction, but reverse the grading, and remand with instructions to grade the conviction a misdemeanor of the third degree, and for resentencing on that basis.

PRICE, J., files a dissenting statement.

PRICE, Judge, dissenting:

I agree with the majority as to the Pa.R.Crim.P. 1100 conclusion. I believe, however, that the evidence justified a grading of the offense in the first degree. All of the stolen items, having a stipulated value of $831,[1] were audio–visual equipment. The testimony cited by the majority (N.T. 69) on this point states specifically four items but the witness went on to say "I think there's some other things but I'm not sure." (N.T. 69). The same witness later testified that in addition to the items specifically identified she thought, although was not positive, that appellant had brought other audio–visual items into the house (N.T. 70). I am satisfied that the judgment of sentence should be affirmed.

1. The items and value of $831 are listed in the Information.