446 A.2d 1300

COMMONWEALTH of Pennsylvania

v.

Edward Joseph WALENTOSKI, Appellant.

Superior Court of Pennsylvania.

Submitted April 14, 1980.

Filed June 18, 1982.

James M. Greenfield, Franklin, for appellant.

Miles R. Lynn, Jr., Assistant District Attorney, Emlenton, for Commonwealth, appellee.

Before PRICE, BROSKY and MONTGOMERY, JJ.

BROSKY, Judge:

This appeal follows appellant's conviction on charges of theft and conspiracy to commit theft. Mr. Walentoski was tried before a jury in November, 1978. On appeal, he raises many issues, but basically he alleges that his trial counsel rendered him ineffective assistance and that the verdict is not supported by sufficient evidence. For the reasons that follow, we reverse and remand.

Mr. Walentoski is charged with having taken several items from a Sears warehouse with the assistance of a then Sears employee. That employee, a Mr. Myers, testified at the trial and admitted his participation in the theft of a dishwasher, hot water boiler, four tires, a floor jack, mechanics tools and a refrigerator. He said that he gave the items to Mr. Walentoski. Additional testimony was presented to show that the allegedly stolen goods were in fact missing from the warehouse. The jury convicted appellant of all charges, the grade of the offense depending on the value assigned to the goods by the jury.

We will first address Mr. Walentoski's claim that his trial counsel erred in joining in a Petition for Extension of Time filed by the Commonwealth. Appellant contends that the error mandates that he now be discharged.

The complaint against appellant was filed on April 27, 1978; the 180 days within which Pa.R.Crim.P. 1100 mandates that trial is to commence expired on October 24, 1978. On October 19, 1978, the Commonwealth filed its petition. A hearing was set for October 30, but was not held because appellant's counsel consented to the petition.

■ We will review the standard to be applied in assessing claims of ineffective assistance of counsel.[1]

In *Commonwealth v. Sullivan*, 450 Pa. 273, 277, 299 A.2d 608, 610, cert. denied, 412 U.S. 923, 93 S.Ct. 2745, 37 L.Ed.2d 150 (1973), our Supreme Court explained:

> ... [O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis." If a reasonable basis for counsel's trial strategy exists, that decision is imputed to the appellant. *Henry v. Mississippi*, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965).

■ The Commonwealth's Petition for Extension of Time was a form petition. It alleged that the Commonwealth had exercised due diligence in bringing the case to trial, but did not aver facts in support of the contention. This mere assertion of due diligence does not justify the grant of an extension. See *Commonwealth v. Antonuccio*, 257 Pa.Super. 535, 390 A.2d 1366 (1978); *Commonwealth v. Schaszberger*, 285 Pa.Super. 586, 428 A.2d 200 (1981). See also *Commonwealth v. Ray*, 240 Pa.Super. 33, 360 A.2d 925 (1976); *Commonwealth v. Delpiano*, 290 Pa.Super. 510, 434 A.2d 1260 (1981) (Concurring Opinion of Brosky, J.). Cf. *Commonwealth v. Myers*, 259 Pa.Super. 196, 393 A.2d 785 (1978).

■ Appellant's trial counsel joined in this deficient petition thereby relieving the Commonwealth of its burden of proof. If it were clear to us that the Commonwealth could not have met its burden, we would find counsel ineffective

---

1. Because this is the first time that he has been represented by counsel other than trial counsel, appellant may first raise this issue on appeal. See *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977).

and discharge appellant. See *Commonwealth v. Johnson*, 265 Pa.Super. 27, 401 A.2d 783 (1979). However, we do not know why counsel joined in the petition. Perhaps he knew that the Commonwealth could met its burden. We do not have sufficient information to determine that counsel's actions lacked any reasonable basis. Therefore, we will remand for an evidentiary hearing to determine if counsel rendered ineffective assistance in this regard. If the lower court finds that counsel was ineffective, appellant shall be discharged; otherwise, a new trial is to be held for reasons that follow later in this opinion.

██ Before turning to appellant's request for new trial, we will comment briefly about his claim that he should be discharged because the verdict was not supported by sufficient evidence.

As our Supreme Court wrote in *Commonwealth v. Dreibelbis*, 493 Pa. 466, 469, 426 A.2d 1111, 1112–13 (1981),

It is well settled that in passing upon a claim of insufficiency we must view the evidence in the light most favorable to the verdict winner. The evidence is sufficient if, accepting as true all the evidence and all reasonable inferences therefrom upon which, if believed, the jury could have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that appellant is guilty of the crimes for which he was convicted. *Commonwealth v. Horne*, 479 Pa. 496, 388 A.2d 1040 (1978).

Moreover, it is the province of the trier of fact, who is free to believe all, part or none of the evidence, to pass upon the credibility of witnesses and the weight to be accorded the evidence. *Commonwealth v. Valderrama*, 479 Pa. 500, 388 A.2d 1042 (1978). Finally, evidence may be sufficient to convict even though wholly circumstantial. *Commonwealth v. Holzer*, 480 Pa. 93, 389 A.2d 101 (1978).

The Commonwealth presented the testimony of one who claimed to be an accomplice of Mr. Walentoski. That witness provided a detailed account of the alleged thefts. Although Mr. Myers was an admitted accomplice, the trial court correctly noted that his testimony could be sufficient

basis for a guilty verdict. See *Commonwealth v. Butch*, 257 Pa.Super. 242, 390 A.2d 803 (1978). Additionally, Sears employees testified as to the missing items. The jury was free to believe part, all or some of this testimony. They were free to draw the inference that the missing items had been stolen by appellant. We find no merit to the general claim of insufficiency raised by Mr. Walentoski.[2]

■ Appellant has advanced several arguments in support of his contention that he is entitled to a new trial. Because we find merit to his claim that counsel rendered him ineffective assistance, we will address only that issue.

Appellant argues that his trial counsel should have objected to testimony by Mr. Myers that suggested that Mr. Walentoski had engaged in criminal conduct other than that for which he was being tried. No objection was made and therefore the question of whether the testimony was admissible is not before us. See *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). Instead, we will examine the issue as to whether counsel's failure to object resulted in ineffective assistance of counsel. On direct examination, Mr. Myers had been asked why he did not tell appellant that he had, in fact, informed a Sears investigator that appellant was involved in the theft. Mr. Myers replied,

2. Related to this argument, is appellant's contention that the Commonwealth failed to present evidence of the value of the missing items, which we address parenthetically.

The Commonwealth has the burden of producing evidence of value which is used to determine the grade of offense. *Commonwealth v. Stauffer*, 239 Pa.Super. 463, 361 A.2d 383 (1976); *Commonwealth v. Butch*, 238 Pa.Super. 524, 361 A.2d 380 (1976); *Commonwealth v. Walker*, 277 Pa.Super. 209, 419 A.2d 735 (1980); 18 Pa.C.S. § 3903.

The parties agree that evidence of value was introduced as to the boiler. They also agree that no such evidence was presented as to the missing refrigerator. In the absence of such proof, we must presume that the value of the refrigerator was less than $50. See *Commonwealth v. Stauffer*, supra. Theft of it should then have been graded as a misdemeanor of the third degree. However, in view of our disposition of this case, we need not remand for resentencing.

We would add that we find no error as to the other items. This testimony as to the "order price" of each of them provided evidence of market value. The jury could infer that the missing items, the "order prices" of which were provided, were in fact the stolen items.

Well, various times I had worked up there and he had been like talking to different people he knew, different places, you know and he could maybe blow you up or something, you know, and I think that made a lot of difference with there, what I said to him.

Instead of objecting to this testimony, appellant's trial counsel continued this line of questioning during cross-examination, at which time the following colloquy took place:

Q. What's this about blowing up? Explain that.

A. What do you mean?

Q. Just what I said.

A. Well, you know, like when you do something to somebody they could blow your car up or something when you go to start it up, just like the news the other day.

Q. That's why you told him after the thirty-first that you didn't say anything to anybody?

A. When he called me, that's what I told him.

Q. O.K.

In *Commonwealth v. Markle*, 239 Pa.Super. 505, 361 A.2d 826 (1976), a Pennsylvania State Trooper was asked if a certain informant had as a result of his cooperation with the police, ever had any threats made upon his life. The witness answered that he had. The trial court sustained an objection to the question and answer and declined an offer of proof made by the Commonwealth. The court also gave curative instructions. Our court nonetheless found reversible error. We wrote:

In the instant case, the Commonwealth introduced testimony which could result in only a single inference: that appellant or someone under his control, had threatened the life of his principal accuser. If some other inference could result, the evidence would be totally irrelevant. In the interests of fairness, it must be presumed that the effect of this testimony was "to predispose the minds of the jurors to believe the accused guilty, and thus effectually to strip him of the presumption of innocence." *Commonwealth v. Trowery*, 211 Pa.Super. 171, 174, 235 A.2d 171, 172 (1967). We cannot assume that the jury, once

having inferred that appellant had threatened to kill Hendricks, could strike this testimony from their minds and render an impartial verdict.

Id., 239 Pa.Superior Ct. at 516, 361 A.2d at 831.

We said that the subject evidence was "simply too prejudicial to be cured by instruction." Although we are not prepared to say that instruction would not have cured the error in the present case; we can say that the evidence is such that counsel should have at least sought such an instruction.

While the witness did not state that he had been threatened, he certainly suggested to the jury that he had some reason to believe that appellant would have killed him had he known of Mr. Myers' statements to the investigator.

■ Of course, evidence of threats is admissible to prove motive, intent, plan or design. See *Commonwealth v. Faison,* 437 Pa. 432, 264 A.2d 394 (1970). However, the testimony did not aid any such finding.

Instead, it suggested, without any proof, that the witness had reason to fear for his life. In *Merkle,* supra, we said that the trial court should have accepted the Commonwealth's offer of proof because, "In the present context, extremely prejudicial testimony was left for the jury's consideration without any proof whatsoever as to its truth." Id. 239 Pa.Super. at 516, 361 A.2d at 831.

■ The potential prejudice to appellant from this testimony was such that counsel should have objected to it during direct examination and certainly should not have pursued it during cross.[3] We believe that his assistance was ineffective in this regard.

**3.** We note that late in the trial during the cross-examination of Mr. Walentoski, he was asked if he had ever told anybody that he had the influence to "put the fix on somebody." An objection was sustained and a curative instruction was given. We do not believe, however, that the latter instruction served to cure any error made earlier in the trial.

First, the trial judge made no reference to the earlier testimony. Also, immediately before the objection was sustained, the prosecutor

Having found that appellant is entitled to a new trial based on the above-discussed instance, we need not discuss the remaining questions posed by appellant.

The order is vacated and the case remanded for an evidentiary hearing on the claim that counsel rendered ineffective assistance in consenting to the Rule 1100 petition. If the lower court finds as to the issue of Rule 1100 that counsel was ineffective, then appellant is to be discharged.

If counsel is found to have rendered effective assistance as to the Rule 1100 matter, appellant is, of course, not to be discharged. However, appellant is then to have a new trial, since we have ourselves found counsel to have been ineffective during the course of the first trial for reasons other than Rule 1100.

MONTGOMERY, J., files concurring and dissenting opinion.

MONTGOMERY, Judge, concurring and dissenting:

I concur in the majority's disposition of the Pa.R.Crim.P. 1100 issue and the insufficiency of the evidence claim, but respectfully dissent as to the grant of a new trial.

The majority determined that trial counsel's failure to object to the testimony of the only witness who could connect appellant to the crimes constituted ineffective assistance. The questioned testimony purportedly suggested that appellant had engaged in criminal conduct other than that for which he was being tried.

I do not disagree with the majority's interpretation of the law as it relates to this issue; but I do disagree with its application. When the exerpted testimony is read in light of the entire record, it is not harmfully prejudicial. · The challenged statement did not tend to show prior criminal activity, but addressed the question of the accomplice's credibility and applied to the instant criminal conduct. His brief

stated about the question, "That's in the testimony." The jury could have believed that the objection was sustained because testimony had already been given as to that point. Certainly, the jury could have been confused as to the effect of the instruction.

allusion to fear of reprisal on direct and cross-examination without more is insufficient for a finding of harmful prejudice. As a result, I would find that counsel was not ineffective for failing to object to the questioned testimony as the underlying claim is meritless. *Commonwealth v. Weathers El*, 485 Pa. 28, 400 A.2d 1295 (1979). His particular chosen course, therefore, had a reasonable basis designed to effectuate appellant's interest. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).