**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Timothy HOLZLEIN, Appellant.**

Superior Court of Pennsylvania.

Submitted May 1, 1997.

Filed Dec. 30, 1997.

Gregory H. Chelak, Milford, for appellant.

Steven R. Guccini, Asst. Dist. Atty., Milford, for Com., appellee.

Before BECK and POPOVICH, JJ., and MONTEMURO *, Senior Judge.

BECK, Judge.

In this appeal we address, *inter alia,* two issues: whether appellant preserved his weight of the evidence claim for appellate review and whether the trial court correctly graded appellant's offenses under the Crimes Code.

Appellant was convicted of receiving stolen property, conspiracy and related offenses. In addition to asserting that his conviction was against the weight of the evidence and that his sentence was illegal, he claims the court erred in transferring his case from juvenile to adult court. We find no merit in any of appellant's challenges and we therefore affirm the judgment of sentence.

Appellant, who was a minor at the time he committed the crimes at issue, joined with another man and stole eight guns from the home of a neighbor. Two years after the crimes were committed the police charged appellant. Based on a confession from appellant's cohort and other facts implicating appellant, police filed a criminal complaint charging appellant with multiple counts of theft, conspiracy, receiving stolen property, hindering apprehension, tampering with evidence and false reports.[1] The Commonwealth then sought and was granted a transfer of appellant's case from juvenile to

criminal court. A jury acquitted appellant of the theft counts but convicted him of receiving stolen property and conspiracy, as well as the false reports and tampering charges.

■ Appellant's first issue on appeal concerns the court's certification of the case to criminal court. A finding that a juvenile is not amenable to treatment within the juvenile system will be disturbed only where a gross abuse of discretion is established. *Commonwealth v. Moss,* 518 Pa. 337, 543 A.2d 514, 516 (1988). The Juvenile Act, 42 Pa.C.S.A. §§ 6301–6365, provides a list of factors that must be considered by the trial court in assessing an offender's amenability to treatment in the juvenile system. *See* 42 Pa.C.S.A. § 6355(a)(4).

Upon review of the court's detailed and comprehensive order transferring the case to criminal court and in light of appellant's history, we find no abuse of discretion by the trial court and conclude that the transfer was appropriate. *See Commonwealth v. Potts,* 449 Pa.Super. 306, 673 A.2d 956, *appeal denied,* 545 Pa. 669, 681 A.2d 1342 (1996).

■ Appellant next argues that the verdict was against the weight of the evidence. Appellant did not raise this claim before the trial court in the form of a post-sentence motion, but he did include it in his Pa. R.A.P. 1925(b) Statement. However, the trial court did not address the issue in its opinion. The question is whether appellant has preserved the issue for review.

■ Since the 1994 amendments to the Pennsylvania Rules of Criminal Procedure, the filing of post-trial motions, now known as post-sentence motions, is optional. As long as an issue is preserved before or in the course of trial, a litigant need not return to the trial court and again request relief after conviction and sentencing. *See* Pa. R.Crim. P. 1410. The enactment of amended Rule 1410 has spawned a series of problems regarding those issues that are not typically

---

* Retired Justice assigned to Superior Court.

1. Prior to his arrest but after the theft of the weapons, appellant and his partner in crime used at least one of the guns for target shooting.

The partner accidentally shot himself and required medical treatment. The young men told hospital personnel and police that an unknown assailant committed the shooting.

raised before or during a trial, including a claim that the verdict is against the weight of the evidence. *See Commonwealth v. Clinton,* 453 Pa.Super. 385, 683 A.2d 1236 (1996) (listing cases that hold that "a defendant must always file a post-sentence motion in order to preserve a claim assailing a verdict as against the weight of the evidence"). *See also Commonwealth v. Egan,* 451 Pa.Super. 219, 679 A.2d 237 (1996) (specific discretionary sentencing claim involving trial court's alleged failure to state reasons for the sentence on the record may be addressed for the first time by appellate court); *Commonwealth v. Jarvis,* 444 Pa.Super. 295, 663 A.2d 790 (1995) (general claim regarding discretionary aspects of sentence must be made to the trial court in the first instance despite amendments to post-trial criminal procedure).

Recently our supreme court considered preservation of a weight of the evidence claim. In *Commonwealth v. Widmer,* 547 Pa. 137, 689 A.2d 211 (1997), the appellant failed to file a post-sentence motion raising a weight of the evidence claim, but raised the issue in his Rule 1925(b) Statement. The trial court addressed the issue in its opinion and concluded that the verdict was indeed against the weight of the evidence. Nonetheless, a panel of this court found that appellant's claim could not be considered since the issue was not properly preserved below. The fact that the trial court addressed the issue in its opinion made no difference to the panel since the trial court no longer had jurisdiction to grant or deny the motion for a new trial.

The supreme court disagreed with the superior court and reversed its order. While recognizing that a weight of the evidence claim must be analyzed in the first instance by the trial court, the *Widmer* court found that since the trial judge addressed the claim in his opinion, it was appropriate for the appellate court to address the claim as well. Noting that "there was no need for the Superior Court to review a cold record and make an initial determination concerning the weight of the evidence," the *Widmer* court held that appellate review of the claim was proper. *Id.* at 138–40, 689 A.2d at 212.

The case at bar presents a different problem procedurally. Unlike *Widmer,* in this case the trial court did not address appellant's weight claim. Therefore, despite the fact that appellant here did exactly what the appellant in *Widmer* did, that is, raise the claim for the first time in his Rule 1925(b) Statement, we are without the trial judge's assessment of the claim. Our understanding of the holding in *Widmer* is that an appellate court is not permitted to review a weight of the evidence claim based on a cold record. *See also Commonwealth v. Brown,* 538 Pa. 410, 648 A.2d 1177 (1994) (appellate court is only authorized to review trial court's assessment of weight claim and is powerless to consider weight claim on its own). We conclude that we are unauthorized to address appellant's claim.[2]

Appellant's final claim is that his sentences for receiving stolen property and conspiracy are illegal. He asserts that the convictions should have been graded as first degree misdemeanors and not third degree felonies. The grading of theft offenses is governed by statute, which provides, in pertinent part:

(a) Felony of the second degree.—Theft constitutes a felony of the second degree if the offense is committed during a manmade disaster, a natural disaster or a war-caused disaster....

(a.1) Felony of the third degree.—Except as provided in subsection (a), theft constitutes a felony of the third degree if the amount exceeds $2,000, or if the property stolen is a firearm, automobile, airplane, motorcycle or motorboat or other motor-propelled vehicle, or in the case of theft by receiving stolen property, if the receiver is in the business of buying or selling stolen property.

(b) Other grades.—Theft not within subsection (a) or (a.1) of this section, consti-

---

**2.** We observe that, effective January 1, 1998, a newly promulgated rule of criminal procedure explicitly requires a party to raise a weight of the evidence claim either before sentencing, by way of oral or written motion, or after sentencing, by way of post-sentence motion. Failure to do so results in waiver. See Pa.R.Crim.P. 1124A and Comment thereto.

tutes a misdemeanor of the first degree, except that if the property was not taken from the person or by threat, or in breach of fiduciary obligation, and:

(1) the amount involved was $50 or more but less than $200 the offense constitutes a misdemeanor of the second degree; or

(2) the amount involved was less than $50 the offense constitutes a misdemeanor of the third degree.

18 Pa.C.S.A. § 3903 (West 1983, amended Nov. 29, 1990).

In this case the trial judge found that the stolen weapons were firearms and, therefore, appellant's offenses were third degree felonies. Appellant argues that his receiving stolen property and conspiracy offenses can only be considered third degree felonies if the Commonwealth established he was in the business of buying and selling stolen property. Since the Commonwealth failed to do so, argues appellant, the offense grade was erroneous. We disagree.

The case of *Commonwealth v. Dodge*, 410 Pa.Super. 189, 599 A.2d 668 (1991), sheds light on this issue. In *Dodge*, the appellant was convicted of receiving stolen property for his part in the theft of some rifles. One of the issues in that case was the grading of the appellant's offense. This court framed the issue in *Dodge* as follows:

[A]ppellant contends that the sentence imposed by the trial court was illegal since the property stolen does not meet the definition of a firearm as contained in the Uniform Firearms Act of Pennsylvania ["the Act"].

*Id.* at 195, 599 A.2d at 671. After consideration, the court held that the definition of firearm as set forth in the Act, 18 Pa.C.S.A. § 6102, must be used in determining the grade of the appellant's theft offense. Under § 6102, only rifles with barrels of less than

15 inches are considered firearms.[3] Noting that the only testimony regarding the rifles in *Dodge* was testimony from a Commonwealth witness who mentioned a "30/30 rifle," the court concluded that "the lower court['s] grad[ing of] the offense as a felony of the third degree [based on the fact that] the rifle was a firearm ... cannot be upheld." *Id.* at 197, 599 A.2d at 672.

The *Dodge* court went on to consider whether the grading of the offense could be upheld on another basis, that is, proof that the appellant had been in the business of buying and selling stolen property. Apparently, the trial court relied on this alternative ground in its Rule 1925 opinion. Rejecting this argument, the *Dodge* court noted that the question of whether a defendant was engaged in the business of buying and selling stolen property was an issue that must be decided by a jury, and could not be determined by the court at sentencing. *Id.*

The trial judge in this case found that the stolen weapons were firearms and, therefore, an offense grade of third-degree felony was appropriate. In response to the arguments asserted by appellant in his Rule 1925(b) Statement, the trial court framed the issue for this court as follows:

The question presented is whether Receiving Stolen Property is a third degree felony only when the defendant is involved in the business of buying and selling stolen property or is it also a third degree felony when the stolen property falls under one of the categories of property listed in § 3903(a.1)?

Trial Court Op. at 7. Appellant concedes that § 3903(a.1) is relevant to the issue of offense grade in this case. However, he does not frame the issue in the same manner as the trial court. After careful consideration of the statute and the relevant case law, we conclude that any theft charge that involves

---

**3.** At the time *Dodge* was decided, § 6102 also defined as a firearm "any pistol or revolver with a barrel of less than 12 inches [and] any shotgun with a barrel of less than 24 inches...." The statute currently defines a firearm as follows:

Any pistol or revolver with a barrel length less than 15 inches, any shotgun with a barrel length less than 18 inches or any rifle with a

barrel length less than 16 inches, or any pistol, revolver, rifle or shotgun with an overall length of less than 26 inches. The barrel length of a firearm shall be determined by measuring from the muzzle of the barrel to the face of the closest action, bolt or cylinder, whichever is applicable.

18 Pa. C.S.A. § 6102.

firearms as the stolen property must be graded as a third degree felony.

A plain reading of the statutory provision prompts such a result. Section 3903 provides that "theft constitutes a felony of the third degree if the amount involved exceeds $2,000, *or* if the property stolen is a firearm ... *or* in the case of theft by receiving stolen property, the receiver is in the business of buying or selling stolen property." 18 Pa. C.S.A. § 3903(a.1) (emphasis supplied). Despite the alternative nature of the language of the statute, appellant asks us to ignore the first two clauses of the provision and proceeds directly to the third. However, if appellant's analysis were correct, there would be no reason for the *Dodge* court to have considered the meaning of the term "firearm" since the only charge at issue in that case was receiving stolen property.

■ We read both § 3903(a.1) and the *Dodge* court's interpretation of § 3903(a.1) to mean that any theft offense involving a large sum of money (over $2,000.00) or a firearm (as defined by § 6102) or a vehicle (such as a car or an airplane) is graded as a third degree felony. Further, regardless of the value or type of item stolen, a person convicted of receiving stolen property will have her offense graded as a third degree felony if it is established that she is a "fence," that is, engaged in the business of buying and selling stolen property. This interpretation is not only logical given the language of the statute, it also comports with the reasoning in *Dodge*.

■ Upon review of the record, we find support for the trial court's finding that the weapons in this case were firearms and so exposed appellant to punishment for a third degree felony.[4] Indeed, appellant does not even challenge the trial court's conclusion that the guns were firearms; he instead relies on a limited reading of the statute in his effort to reduce his sentence. Because we

find his argument is without merit, he is not entitled to relief.

Judgment of sentence affirmed.

POPOVICH, J., files a Concurring and Dissenting Opinion.

POPOVICH, Judge, concurring and dissenting.

On appeal, the appellant challenges the judgment of sentence (6 months to 3 years imprisonment, to be followed by a 2-year period of probation) on grounds the trial court abused its discretion in transferring his case to criminal court, the verdict was against the weight of the evidence and the sentence was illegal. I join with the Majority in finding the first two claims meritless. However, I dissent to that portion of the ruling holding the sentence legal.

The facts indicate that in August of 1994, the appellant and Randy Zak[1] entered the home of a neighbor (Mr. Story) and stole eight weapons while Story was absent from the premises. The appellant removed the weapons to a wooded area near his home. Two weeks after the theft, while the appellant and others were target shooting near the appellant's home, Zak shot himself accidently with one of the weapons. Prior to transporting Zak to the hospital, the appellant, one Alexander Gil and Zak agreed to fabricate a story that the shooting was committed by an unknown assailant, and Zak was found on the side of the road by Gil and the appellant before taken for treatment. This false report was communicated to police.

Two years after the theft, the police recovered one of the weapons used in a crime in Middletown, New York. The same week as the Middletown incident, the police were notified of two weapons turned in by a citizen to a local gun shop, both of which matched the identification numbers of the stolen weapons. Because the weapons were turned in near Story's home and the police knew

---

4. We observe that in a concurring statement filed in *Dodge,* Judge Kelly suggested that the issue of whether a particular weapon constitutes a firearm under § 6102 should be decided by a jury. We disagree. The statute provides clear and simple definitions that can be objectively determined by the court. The answer depends simply on the measurement of the barrel.

1. Randy Zak testified against the appellant and pleaded guilty to various offenses arising out of the same incidents charged against the appellant.

that Zak had lived with Story for a time prior to the theft and the shooting, the police spoke with Zak. He confessed to the theft and implicated Holzlein. A second interview of Zak revealed the falsity of the reported anonymous shooter.

Thereafter, appellant being under the age of eighteen at the time of the incidents, a juvenile petition was filed. A complaint issued consisting of eight counts of theft of weapons; two counts of criminal conspiracy; and one count each of receiving stolen property, hindering apprehension or prosecution, tampering with or fabricating physical evidence and false reports to law enforcement authorities. Once the Commonwealth's petition to have the case transferred to criminal court was granted, a jury trial ensued in which the appellant was found not guilty of the first nine counts of the information but guilty of the other charges. After sentencing,[2] the appellant filed a direct appeal to this Court raising three issues. I find merit in the sentencing claim only.

The appellant contends that his sentences for criminal conspiracy and receiving stolen property were illegal because each was graded a felony of the third-degree instead of first-degree misdemeanors.[3] Because the illegality of a sentence is a nonwaivable issue subject to *sua sponte* review by this Court, see *Commonwealth v. Ford*, 315 Pa.Super. 281, 461 A.2d 1281, 1289 n. 11 (1983), we may review the propriety of the sentence by examining, first, the gradation of the receiving stolen property charge.

Under Pennsylvania law, gradation of theft offenses is based upon the value of the stolen property. 18 Pa.C.S.A. § 3903. The burden to establish the value of stolen property is upon the Commonwealth. *Commonwealth v. Stauffer*, 239 Pa.Super. 463, 361 A.2d 383, 384 (1976). "Value" for the purposes of gradation of theft offenses must be ascertained with reference to the applicable provisions of 18 Pa.C.S.A. § 3903, which read in relevant part:

(a.1) **Felony of the third degree.**—Except as provided in subsection (a), theft constitutes a felony of the third degree if the amount involved exceeds $2,000, or if the property stolen is a firearm, automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle, or in the case of theft by receiving stolen property, if the receiver is in the business of buying or selling stolen property.

(b) **Other grades.**—Theft not within subsection (a) or (a.1) of this section, constitutes a misdemeanor of the first degree, except that if the property was not taken from the person or by threat, or in breach of fiduciary obligation, and:

(1) the amount involved was $50 or more but less than $200 the offense constitutes a misdemeanor of the second degree; or

(2) the amount involved was less than $50 the offense constitutes a misdemeanor of the third degree.

(c) **Valuation.**—The amount involved in a theft shall be ascertained as follows:

(1) Except as otherwise specified in this section, value means the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime.

\*    \*    \*    \*    \*    \*

---

2. The sentence consisted of the following:
   Count 10—Criminal Conspiracy: Pay the cost of court proceedings, $500 fine, and incarceration for a period not less than six months nor more than three years.
   Count 11—Receiving Stolen Property: Pay the cost of court proceedings, $500 fine, and incarceration for a period not less than six months nor more than three years to run concurrently to Count 10.
   Counts 12, 13, and 14—Hindering Apprehension, Tampering with Evidence, and False Reports: Pay the cost of court proceedings and probation for two years, each to be served concurrently, one with the other, but consecu-

tively to Counts 10 and 11. Restitution in the amount of $3,000.
Record Nos. 4 and 15.

3. In the case of a felony of the third-degree, a person may be sentenced to imprisonment for not more than seven years. 18 Pa.C.S.A. § 1103(3) (Supp.1997). In contrast, a person convicted of a misdemeanor of the first-degree may receive a sentence of imprisonment of not more than five years, whereas a third-degree misdemeanor carries a potential sentence of not more than one year imprisonment. 18 Pa.C.S.A. § 1104(1), (3).

(3) When the value of property cannot be satisfactorily ascertained pursuant to the standards set forth in paragraph[ ] (1) of this subsection its value shall be deemed to be an amount less than $50.

As amended, November 29, 1990, P.L. 608, No. 154, § 1, 18 Pa.C.S.A. 3903.

In *Commonwealth v. Dodge*, 410 Pa.Super. 189, 599 A.2d 668 (1991), the defendant claimed, inter alia, the trial court imposed an illegal sentence of three and one-half to seven years imprisonment for the crime of receiving stolen property, a felony of the third-degree. We agreed and remanded for resentencing. In doing so, we wrote:

> The lower court, in its 1925 opinion, states that the Commonwealth provided overwhelming evidence to show that appellant was "in the business of buying or selling stolen property" within the meaning of 18 Pa.C.S.A. § 3903(a). In *Commonwealth v. Sparks*, 342 Pa.Super. 202, 492 A.2d 720 (1985), our Court held that *the issue of whether the defendant was "in the business of buying or selling stolen property" was a question for the jury rather than a question for the court at sentencing.*
>
> *In the present case, the lower court did not submit this issue to the jury although testimony was presented on this issue.* At sentencing, the lower court graded the offense as a felony of the third degree since the rifle was a firearm under the statute. Since we have determined that the definition of a firearm under the Uniform Firearms Act applies to grading [of] theft offenses, the lower court's conclusion cannot be upheld. The question of whether appellant was in the business of buying or selling was not a question that should have been addressed at the time of sentencing. *Although the Commonwealth alleged a value of the rifles in the information, there was no evidence offered at trial as to the value of the rifles and the value issue was not submitted to the jury. Such evidence is part of the Commonwealth's burden of proof. Commonwealth v. Hanes*, 361

Pa.Super. 357, 366–67, 522 A.2d 622, 625 (1987). *In the absence of such proof, we are compelled to presume that [the] value of the rifles is less than $50. Commonwealth v. Walentoski*, 300 Pa.Super. 559, 565 n. 2, 446 A.2d 1300, 1303 n. 2 (1982). *Thus, § 3903 requires that [the defendant's] offense be graded as a thirddegree misdemeanor.*

410 Pa.Super. at 197, 599 A.2d at 672 (Emphasis added).

At bar, albeit the Criminal Information filed against the appellant at Counts I–VIII listed values for each of the eight stolen weapons,[4]

> In instructing the jury on [Count XI—]the crime of Receiving Stolen Property, [the trial court] read Pennsylvania Suggested Standard Criminal Jury Instruction 15.3925A. Paragraph number six of that instruction reads, as follows:
>
> > If you find the defendant guilty of theft by receiving stolen property, you should then go on to consider whether the defendant was in the business of buying or selling stolen property. If you are satisfied beyond a reasonable doubt that he was in the business, your verdict should say so.
>
> *Believing that the Commonwealth had not presented any evidence to show the defendant was in the business of buying or selling stolen property, [the trial court] did not read paragraph six of that instruction to the jury. Consequently, the jury did not address that issue.*

Trial Court Opinion, 12/16/96 at 9 (Emphasis added).

As in *Dodge*, the trial court here failed to submit the issue of whether the appellant was "in the business of buying or selling stolen property" to the jury. Additionally, no evidence was offered at trial regarding the value or barrel length of the weapons, nor was the value issue submitted to the jury. Rather, the court waited until sentenc-

---

4. The jury returned not guilty verdicts on these counts. Record No. 11.

Further, the only mention of the weapons at trial consists of Trooper Thomas Kobeski's testimony identifying, without reference to value, all

eight of the weapons stolen from Story's residence by Zak and the appellant. N.T. 205. No other official record sent to this Court indicates otherwise.

ing to grade the offenses felonies of the third-degree because the stolen weapons were "firearms" under the statute. This was error. *Id.*

The Majority ignores the requirement that penal statutes be strictly construed to give effect to each provision and not be read so that a clause, sentence or word is rendered superfluous, void or insignificant. P.L.E. Criminal Law § 6. Applying such a precept here, the disjunctive nature of the provisions of Section 3903(a.1) permit a conviction *provided* one of the elements set forth therein has been proven. Sub judice, the record discloses none of the elements (as to "value," "barrel length," or that Holzlein was "in the business of buying or selling" firearms) was established.

To explicate, 1) the prosecution failed to prove the stolen items exceeded $2,000 in value. See note 4, supra; 2) the Commonwealth did not introduce evidence of the "barrel length" of any of the stolen firearms, which is a condition precedent to proving one guilty of a crime involving a "firearm.", *Dodge,* supra; and 3) the trial court admitted it withheld from the jury the question of whether the accused was "in the business of buying or selling stolen property." See Trial Court Opinion, 12/16/96 at 9.

Accordingly, reading the facts against the backdrop of the applicable law (e.g., *Dodge,* supra), the imposition of the sentence for a felony of the third degree under Section 3903(a.1) is unjustified by the absence of any evidence reflective of the "value," "barrel length" *or* involvement "in the business of buying or selling stolen" firearms by the appellant. The Majority's holding to the contrary prompts my dissent.[5]

**5.** I would vacate the judgment of sentence and remand to allow the criminal conspiracy and receiving stolen property convictions to be graded third degree misdemeanors and allow the court to impose a legal sentence commensurate with its sentencing scheme. Trial Court Opinion, 12/16/96 at 9–10; *Commonwealth v. Slick,* 432 Pa.Super. 563, 639 A.2d 482 (1994).

It is settled law that criminal conspiracy is graded no higher than the crime with which one is convicted of conspiring to commit. 18 Pa. C.S.A. § 905(a). Thus, criminal conspiracy in this case should be graded a third degree misdemeanor and not a felony of the third degree with the absence of the jury's determination that the appellant was "in the business of buying and

selling stolen property," as well as the fact that the issues of value and barrel length were not presented to the jury. *Commonwealth v. Dodge,* 410 Pa.Super. 189, 599 A.2d 668 (1991).

Albeit the appellant framed the sentencing issue to regrade the charges as misdemeanors of the first degree and not misdemeanors of the third degree, this Court's authority to rectify an illegal sentence exceeds the principles of waiver and allows for a *sua sponte* review of the punishment imposed. *Commonwealth v. Ford,* 315 Pa.Super. 281, 461 A.2d 1281, 1289 n. 11 (1983). The record and applicable law justify vacating the judgment of sentence and remanding the case to remedy an injustice. *Dodge,* supra.