J-S22012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID JOHNSON, | |
| Appellant | No. 1381 EDA 2017 |

Appeal from the Judgment of Sentence Entered April 17, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011540-2013

BEFORE: BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                     Filed July 20, 2018

Appellant, David Johnson, appeals from the judgment of sentence of an aggregate term of 2 to 4 years' imprisonment, imposed after he was convicted of one count each of theft by unlawful taking and receiving stolen property. Appellant challenges the sufficiency of the evidence to sustain his convictions and alleges that his sentence is illegal. We affirm the convictions, but vacate the judgment of sentence and remand for resentencing.

Appellant's convictions stem from an incident that occurred on July 13, 2013. The procedural history of this case has been summarized by the trial court as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

On December 17, 2014, a jury convicted Appellant of theft by unlawful taking[1] and receiving stolen property,[2] but [found him] not guilty of robbery,[3] possessing an instrument of a crime,[4] and simple assault.[5]  On March 9, 2015, this [c]ourt sentenced Appellant to two consecutive terms of one (1) to two (2) years' incarceration for his theft convictions, thus imposing an aggregate sentence of two (2) to four (4) years' incarceration.  On June 22, 2015, Appellant filed a Notice of Appeal to the Superior Court.  On [that same date], the Superior Court dismissed Appellant's appeal because Appellant failed to file a docketing statement pursuant to Pa.R.A.P. 3517.

[1] 18 Pa.C.S. § 3921(a).

[2] 18 Pa.C.S. § 3925(a).

[3] 18 Pa.C.S. § 3701(a)(1)(ii).

[4] 18 Pa.C.S. § 907(a).

[5] 18 Pa.C.S. § 2701(a)(3).

On November 17, 2015, Appellant filed a petition under the Post[ ]Conviction Relief Act ("PCRA") requesting reinstatement of his direct appeal rights.  On March 18, 2016, this [c]ourt granted Appellant's petition and reinstated his direct appeal rights.  On June 20, 2016, Appellant filed a Notice of Appeal to the Superior Court, but on August 29, 2016, the Court quashed the appeal as untimely filed.

On October 4, 2016, Appellant filed another PCRA petition requesting reinstatement of his direct appeal rights.  PCRA counsel, John P. Cotter, Esquire, filed amended petitions on October 31, 2016 and November 1, 2016.  As well as requesting the reinstatement of his direct appeal rights, Appellant alleged that his theft convictions "merge," and that this [c]ourt's imposition of consecutive sentences was therefore illegal.

On April 17, 2017, following a PCRA hearing, this [c]ourt vacated Appellant's sentence and resentenced him to two (2) to four (4) years' incarceration for his conviction of theft by unlawful taking.  This [c]ourt ruled that Appellant's conviction of receiving stolen property merged with the conviction of theft by unlawful taking.[6]  This [c]ourt further ordered the reinstatement of Appellant's direct appeal rights.

[6] …[A]t the PCRA hearing, Appellant also argued that his theft convictions should have been graded as third-degree misdemeanors rather than first-degree misdemeanors, and that his sentence therefore could not exceed a one-year term of incarceration pursuant to 18 Pa.C.S.[] § 1104.

Trial Court Opinion ("TCO"), 6/15/17, at 1-2 (citations to record omitted).

On April 20, 2017, Appellant filed a timely notice of appeal, followed by a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant presents the following issues for our review:

I.    Was the evidence sufficient to establish beyond a reasonable doubt that [Appellant] committed theft by unlawful taking or theft by receiving stolen property when the Commonwealth did not prove the elements for these offenses beyond a reasonable doubt?

II.   Was the imposition of a sentence of 2 to 4 years in prison illegal because the offenses that [Appellant] was found guilty of are third[-]degree misdemeanors which merge for the purpose[] of sentencing[,] which means that the maximum allowable sentence in this matter [is] 1 year in prison?

Appellant's Brief at 2.

To begin, we note our standard of review of a challenge to the sufficiency of the evidence:

In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted).

Appellant challenges the sufficiency of the evidence to support his convictions of theft by unlawful taking and receiving stolen property. "To uphold a conviction for theft by unlawful taking, the Commonwealth must establish the accused 'unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.'" ***Commonwealth v. Galvin***, 985 A.2d 783, 791 (Pa. 2009) (quoting 18 Pa.C.S. § 3921(a)). Receiving stolen property is established "by proving that the accused 'intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed of with intent to restore it to the owner.'" ***Id.*** at 792 (quoting 18 Pa.C.S. § 3925(a)).

Before addressing whether the elements of the above-stated crimes have been met, we review the facts reflected in the record of the jury trial which led to Appellant's convictions, summarized by the trial court as follows:

> The complainant is Mark Baylor ("Mr. Baylor"). Mr. Baylor testified that around 4:30 a.m. on July 13, 2013, he was riding his bike around his neighborhood when he encountered Appellant at 33rd and Huntingdon Streets, in the city and county of Philadelphia, Pennsylvania. Appellant approached Mr. Baylor and advised that he "like[d]" Mr. Baylor's wrist watch. While reaching into his right waistband area, Appellant said "let me get that" watch. Mr. Baylor believed that Appellant reached for a gun because he heard a "clicking sound" and saw what appeared to be a gun in Appellant's waistband. Upon hearing what he believed to be the cocking of the gun, Mr. Baylor feared for his life and gave Appellant his watch. Mr. Baylor testified that he did not know Appellant, did not give Appellant permission to take his watch, and did not attempt to purchase drugs from Appellant.[7]

[7] On cross-examination, Mr. Baylor testified that he regularly smokes crack-cocaine and makes money as a "personal window cleaner."

Mr. Baylor thereafter called 911 and followed Appellant a couple of blocks to the area of 33rd and York Streets, where Appellant stopped in front of a bus station.[8] Police responded around fifteen (15) minutes later and arrested Appellant, and Mr. Baylor's watch was ultimately returned to him.

[8] Mr. Baylor twice called 911, and the recorded calls were played at trial.

Police Officer Frederick Straub (Officer Straub) testified that he was on patrol in a marked police car on the morning of July 13, 2013, when he received a radio call directing him to the area of 33rd and Huntingdon Streets. The call reported a robbery of a "gold Guess watch" that was perpetrated by "a black male with a gun wearing a black jacket and blue jeans and heading towards 33rd and York[.]" Officer Straub responded to the location and saw Appellant standing at the bus stop, apparently "talking to the male next to him." Officer Straub exited his vehicle and approached Appellant with his gun drawn but held down against his side. Appellant looked in the officer's direction, said "oh shit," and "took a step backwards and away" from the officer. At this point[,] Officer Straub then frisked Appellant and recovered a toy gun from his jacket pocket and a "gold-colored Guess watch" from his pants pocket. Mr. Baylor subsequently identified Appellant as "the male who robbed him." Officer Straub recovered no narcotics from Appellant and does not recall recovering any drug "packaging" or evidence indicative of drug transactions.[9]

[9] On cross-examination, Officer Straub testified that Appellant did not run or resist arrest and was "relatively cooperative," and that during the frisk he had advised Officer Straub of the toy gun in his pocket.

Appellant also testified, claiming he had obtained Mr. Baylor's watch through deception rather than through gunpoint threats.[10] Appellant testified that he returned home from work around 8:30 p.m. on the previous evening. Around 10:00 p.m., Appellant obtained the toy gun while playing with his nephew, who lived in the same area where the incident occurred. Later that night/early next morning, Appellant and a companion purloined sheetrock sitting outside a nearby church, packaged the sheetrock

into small baggies so that it resembled crack-cocaine, and endeavored to sell the baggies to unwitting drug users.

[10] Appellant was 49 years old at the time of trial. He had previously pleaded guilty to two charges of robbery, once in 1994 and again in 2002.

Appellant testified that Mr. Baylor "rolled up" around 4:00 a.m. and "was like anybody have anything[?]" Appellant replied, "yeah, I got something," and gave Mr. Baylor two "dime bags" of sheetrock in exchange for Mr. Baylor's watch. Appellant testified that while retrieving the baggies from his pocket he "must have pulled … out" the toy gun and "sat it on the truck" against which he was leaning. After the transaction, Appellant "pulled [the toy gun] off the truck and put it in [his] pocket and that was the end of the situation."

Appellant further testified that he is familiar with Mr. Baylor because Mr. Baylor has lived "in the neighborhood quite a long time" and had purchased drugs from Appellant around one week prior to the incident.

At the conclusion of trial, the jury found Appellant guilty of theft by unlawful taking and receiving stolen property, but not guilty of robbery, possessing an instrument of a crime, and simple assault.

TCO at 3-5 (citations to record omitted).

On appeal, Appellant argues that the evidence was insufficient to prove beyond a reasonable doubt that he committed theft by unlawful taking or receiving stolen property. Appellant's Brief at 5. Rather, Appellant suggests that "[w]hat the Commonwealth may have proved was theft by deception…." *Id.* After careful review, we discern Appellant's contentions to be wholly without merit.

In response to Appellant's sufficiency claims, the trial court stated:

Mr. Baylor testified that Appellant approached him around 4:30 a.m. While Appellant held what appeared to be a gun inside his waistband area, he scrutinized Mr. Baylor's watch and said "let

me get that." Mr. Baylor heard the gun click as Appellant slightly raised the purported weapon from his pocket. Fearing for his safety, Mr. Baylor gave his watch to Appellant, who then walked away. Mr. Baylor's testimony sufficed to establish that Appellant unlawfully took his watch with the intent to deprive him thereof, and knowingly retained the stolen watch, and thus his testimony sustains Appellant's theft convictions.

Appellant's version of the incident also sustains his convictions. Appellant testified that he was "selling sheetrock" he had packaged into baggies to resemble crack-cocaine, and that he deceived Mr. Baylor into exchanging his watch for two such baggies. Appellant's own testimony therefore established that he unlawfully took Mr. Baylor's watch with the intent to deprive him thereof, and knowingly retained the stolen property.[1] Appellant's sufficiency challenges[,] therefore[,] have no merit.

TCO at 7 (citations omitted). Moreover, "[i]t is well-settled that the jury is free to believe, all, part or none of the evidence and must determine the credibility of the witnesses." *Commonwealth v. Orie*, 88 A.3d 983, 1017 (Pa. Super. 2014). Viewing the evidence in a light most favorable to the Commonwealth, we conclude that the evidence was clearly sufficient to support the jury's finding Appellant guilty of theft by unlawful taking and receiving stolen property. Therefore, we uphold Appellant's convictions.

Next, Appellant argues that his sentence is illegal. The gravamen of his claim is that the crimes for which he was convicted should have been graded as third-degree misdemeanors rather than first-degree misdemeanors. Appellant's Brief at 7. We agree and remand for resentencing.

Issues relating to the legality of a sentence are questions of law for which our standard of review is *de novo* and our scope of review is plenary.

---

[1] Theft by unlawful taking is a lesser included offense of theft by deception. *Commonwealth v. Goins*, 867 A.2d 526, 531 (Pa. Super. 2004).

*Commonwealth v. Wolfe*, 106 A.3d 800, 802 (Pa. Super. 2014). An error in the grading of an offense implicates the legality of sentencing. *Commonwealth v. Sanchez*, 848 A.2d 977, 986 (Pa. Super. 2004). "Such issues are non-waivable." *Id.*

"The Commonwealth has the burden of producing evidence of value which is used to determine the grade of offense." *Commonwealth v. Walentoski*, 446 A.2d 1300, 1303 n.2 (Pa. Super. 1982).[2] Here, the

---

[2] Section 3903 of the Crimes Code governs the grading of theft offenses, and provide, in relevant part, as follows:

**§ 3903. Grading of theft offenses.**

\*\*\*

**(b) Other grades.—**Theft not within subsection (a), (a.1) or (a.2), constitutes a misdemeanor of the first degree, except that if the property was not taken from the person or by threat, or in breach of fiduciary obligation, and:

(1) the amount involved was $50 or more but less than $200 the offense constitutes a misdemeanor of the second degree; or

(2) the amount involved was less than $50 the offense constitutes a misdemeanor of the third degree.

**(c) Valuation.—**The amount involved in a theft shall be ascertained as follows:

(1) Except as otherwise specified in this section, value means the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime.

\*\*\*

Commonwealth presented no evidence regarding the watch's value. When the Commonwealth fails to present sufficient evidence of the value of the property, we are compelled to presume that the value is less than fifty dollars, and must grade the offense as a third-degree misdemeanor. ***See Commonwealth v. Dodge***, 599 A.2d 668, 672 (Pa. Super. 1991). The maximum allowable sentence for third-degree misdemeanors is now one year incarceration. ***See*** 18 Pa.C.S. § 1104(3).

> According to the trial court,
>
> there was no testimony concerning the value of Mr. Baylor's watch[] and[,] thus[,] unless the item was "taken from the person or by threat," Appellant's thefts are third-degree misdemeanors. Although Mr. Baylor testified that Appellant took his watch by threat of gun, Appellant testified that he stole the item through a scam (*i.e.* a "flim flam"). As in [***Commonwealth v.***] ***Monroe***, [678 A.2d 1208 (Pa. Super. 1996),] "both versions of the story" sustain the convictions but only the complainant's version supports grading the crimes as first-degree misdemeanors. However, the jury received no instruction and made no finding on this issue, and found Appellant not guilty of robbery committed by threat of bodily injury.

TCO at 11-12.

---

> (3) When the value of property cannot be satisfactorily ascertained pursuant to the standards set forth in paragraphs (1) and (2) of this subsection its value shall be deemed to be an amount less than $50. Amounts involved in thefts committed pursuant to one scheme or course of conduct, whether from the same person or several persons, may be aggregated in determining the grade of the offense.

18 Pa.C.S. § 3903(b) and (c).

The trial court further acknowledged:

"[I]n disputed cases, the determination of whether property was taken from the person for purposes of grading the offense normally would be a question for the jury, just as the value of stolen items, when disputed, is a jury question." [**Commonwealth v.**] **Shamberger**, 788 A.2d 408, 418 [(Pa. Super. 1999)]; **see also Commonwealth v. Sparks**, 492 A.2d 720, 724 (Pa. Super. 1985) ("As to grading of other theft offenses, it is clear that value becomes determinative and this, too, is a factual question, which has been regarded as a jury question, although it is not an element of the crime…. During jury trials[,] it is the custom to charge the jury that one of its functions is to establish the value of the goods stolen so that the *court* can determine the grade of the offense for sentencing purposes.") (emphasis in original) (citing Pa. SSJI (Crim), § 15.3903). Since the Commonwealth presented no evidence of the watch's value, and since the jury made no finding that the watch was taken from the person as contemplated by 18 Pa.C.S.[] § 3903, the theft convictions should have been graded as third-degree misdemeanors.

TCO at 12. Accordingly, the trial court concluded that "Appellant's challenges to the sufficiency of the evidence should be denied, but Appellant's sentence should be vacated and the matter should be remanded for resentencing." **Id.**

Based on the foregoing, we uphold Appellant's convictions for theft by unlawful taking and receiving stolen property, but vacate the April 17, 2017 judgment of sentence and remand for resentencing in accordance with this memorandum.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/20/2018