498 A.2d 963

**COMMONWEALTH of Pennsylvania**

v.

**Joseph M. DRAXINGER, Appellant.**

Superior Court of Pennsylvania.

Argued March 19, 1985.

Filed Sept. 27, 1985.

Alan D. Levy, Pittsburgh, for appellant.

Kemal A. Mericli, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before BROSKY, ROWLEY and FEENEY,* JJ.

BROSKY, Judge:

This case is before us on appeal from judgment of sentence imposed following appellant's conviction of voluntary manslaughter. Appellant argues that the trial court erred in refusing his timely request to charge the jury on involuntary manslaughter, and in precluding appellant from proceeding with a defense of diminished mental capacity. We agree that the trial court erred in refusing to charge the jury on involuntary manslaughter, and we therefore reverse and remand for a new trial.

On February 5, 1982, appellant returned home from work and ate dinner with his wife. After dinner, the two began to consume alcoholic beverages. An argument ensued, lasting nearly two hours, culminating in the shooting death of appellant's wife. Police were called, and arrived to find appellant outside the building with a bullet wound in his wrist, and appellant's wife on the living room floor, lying in

* Honorable John M. Feeney, of the Court of Common Pleas, Allegheny County, is sitting by designation.

a pool of blood with a gunshot wound to her face. Appellant was taken to a hospital, and two weeks later was charged with criminal homicide. A jury found him guilty of voluntary manslaughter, and, after the filing and denial of post-trial motions, appellant was sentenced to a term of five to ten years imprisonment.

A person commits the crime of involuntary manslaughter "when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person." 18 Pa. C.S. § 2504. In *Commonwealth v. White*, 490 Pa. 179, 186, 415 A.2d 399, 402 (1980), and in *Commonwealth v. Williams*, 490 Pa. 187, 190, 415 A.2d 403, 404 (1980), our Supreme Court held that "in a murder prosecution, an involuntary manslaughter charge shall be given only when requested, and where the offense has been made an issue in the case and the trial evidence would support such a verdict." In assessing whether or not the charge should have been given, the appellate court will view the evidence in the light most favorable to the defendant. *Commonwealth v. Terrell*, 482 Pa. 303, 307, 393 A.2d 1117, 1119 (1978).

In the case before us, appellant was the only witness to the shooting. Although he did not take the stand, four separate statements given by appellant to the police were admitted into evidence. At the scene of the shooting, appellant told a police officer that he was sitting at the kitchen table playing with a gun when the gun discharged, the bullet passing through his wrist and striking his wife who was standing in the living room. (The police determined that the bullet did indeed strike appellant's wrist, but did not exit the wrist).

At the hospital, appellant stated that he had taken a recently purchased gun from a case and was showing it to his wife, when an argument erupted over the merits of the weapon. The wife purportedly took the gun from appellant,

and the gun discharged as appellant attempted to retrieve it. When police officers questioned appellant at the hospital the day after the shooting, he stated that his wife began waving the gun around and "fooling" with it. As he attempted to take the gun away from her, it discharged.

Following his arrest two weeks after the incident, appellant stated that he and his wife got into an argument after dinner the night of the incident, whereupon his wife took the gun from a shelf, began waving it around, and knelt on the floor next to the couch on which he was sitting. He heard a click, which he believed was the gun being cocked, whereupon he took the weapon from his wife and attempted to unload it. Before he could unload it, his wife grabbed his arm and pulled him toward her, when the gun discharged.

Although the Commonwealth concedes that the first requirement of *White* and *Williams* (that a timely request for the charge be made) has been met, it argues that the trial evidence would not reasonably support a verdict of involuntary manslaughter. In *Terrell, supra,* the only issue before the Supreme Court was whether the trial court erred in refusing a timely request for an instruction on involuntary manslaughter. The appellant in that case, according to one version of the incident, argued with the deceased, snatched a gun away from him, and shot him. This version is factually similar to the last three versions of the incident given by appellant in the case before us.

In *Terrell,* the Supreme Court held that the jury could have determined that the appellant's conduct was criminally reckless in that he consciously disregarded a substantial and unjustifiable risk that death or serious bodily injury might result to the deceased after he snatched the gun; the Supreme Court, therefore, held that the trial court erred in refusing to give the requested instruction on involuntary manslaughter. Similarly, in the case before us, we find that from the evidence presented at trial, the jury could reasonably have determined that appellant acted in a

reckless or grossly negligent manner in causing the death of his wife, either by playing with the gun or by grabbing it from his wife. We disagree with the Commonwealth's argument that no version of the incident evidences reckless or grossly negligent conduct on the part of appellant.

The Commonwealth also argues that appellant failed to make involuntary manslaughter an issue in the course of the trial. We do not interpret *White* and *Williams* as requiring that the *defendant* place the matter in issue.[1] To so interpret the cases would have the effect of shifting the burden of proof to the defendant to establish that the charge of homicide should be downgraded to involuntary manslaughter. In the instant case, the Commonwealth introduced four statements of the appellant which gave conflicting versions of how the shooting of his wife occurred, one or more of which would support a verdict of involuntary manslaughter. That being the case, the offense of involuntary manslaughter was made an issue in the case within the meaning of *White*. If any version of the evidence in a homicide trial, from whatever source, supports a verdict of involuntary manslaughter, then the offense has been made an issue in the case, and a charge on involuntary manslaughter must be given if requested.

We find that the requirements of *White* and *Williams* have been met, and that the trial court therefore erred in refusing to grant the requested charge of involuntary manslaughter. We therefore reverse and remand for a new trial.[2]

ROWLEY, J., notes his dissent.

1. We note that appellant's counsel did at least raise the issue in his closing argument to the jury, when he argued that appellant's conduct did not mean that appellant intended to kill his wife although it might have amounted "to a grave recklessness and gross negligence under the circumstances."

2. Because of our disposition of this case, we do not find it necessary to discuss the issue of the diminished capacity defense.