599 A.2d 668

COMMONWEALTH of Pennsylvania

v.

Timothy Mark DODGE, Appellant.

Superior Court of Pennsylvania.

Submitted July 29, 1991.

Filed Nov. 4, 1991.

Susan E. Hartley, Athens, for appellant.

Mark W. Smith, Asst. Dist. Atty., Towanda, for Com., appellee.

Before OLSZEWSKI, KELLY and BROSKY, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order entered in the Court of Common Pleas of Bradford County on August 31, 1987. Appellant was found guilty following a jury trial on June 10, 1987 for the offense of receiving stolen property, a felony in the third degree. Appellant was sentenced to a term of incarceration, a minimum of three and one-half years and a maximum of seven years. On July 31, 1990, appellant's post-conviction hearing act petition was dismissed and the court directed that appellant shall be enti-

tled to pursue his appeal from the sentence *nunc pro tunc.* This appeal followed.

Appellant raises the following issues for our consideration:

A. Did the defendant's trial counsel render ineffective assistance when he elicited testimony from a witness concerning the defendant's prior criminal record? [1]

B. Did the trial court err in admitting evidence relating to other crimes of which the defendant allegedly had knowledge, and was trial counsel ineffective in failing to file timely post-verdict motions preserving the court's improper ruling for appellate review?

C. Did the trial court impose upon the defendant an illegal sentence of three and one-half to seven years for the crime of receiving stolen property?

Appellant's brief at 3. As we find appellant's issues to be devoid of merit, we affirm the lower court's order in part and remand for resentencing not inconsistent with this decision.

 Appellant alleges that trial counsel was ineffective and requests that we grant a new trial. Before trial counsel may be deemed ineffective, appellant must meet the three pronged test, as set forth in our Supreme Court's decision of *Commonwealth v. Durst,* 522 Pa. 2, 4–5, 559 A.2d 504, 505 (1989):

The threshold inquiry in such claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for failing to assert a meritless claim. *Commonwealth v. Pursell,* 508 Pa. 212, 495 A.2d 183 (1985). If this threshold is met, it must next be established that the particular course chosen by counsel had no reasonable basis designed to effectuate his client's interests. *Com-*

---

**1.** Appellant, in his brief, states that the testimony concerning appellant's probation was elicited by defense counsel; but, in fact the testimony was elicited from the Commonwealth's attorney, Daniel Barrett.

monwealth ex rel. Washington v. Maroney, 427 Pa. 599, 235 A.2d 349 (1967). Finally, we require that the defendant establish how counsel's commission or omission prejudiced him. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

 Appellant alleges that trial counsel rendered ineffective assistance when counsel elicited testimony from a witness concerning appellant's prior criminal record. Specifically, appellant complains of the following testimony elicited from Thomas Shaffer:

> "I had taken it for granted that they were at a friend's of his and he asked me if I would go with him get the guns due to the fact that he was on probation and was not allowed to bring any rifles down the street." (N.T. vol. II at 45). Shaffer further testified: "And when he came out I asked him why he had the guns in this shed and he said I couldn't come down Main Street with them because I am on probation ..." (N.T. vol. II at 47).

Appellant contends that trial counsel should have moved to strike the testimony or made a motion *in limine* to preclude the witness from testifying concerning appellant's prior criminal record. Appellant has failed to produce evidence that trial counsel knew of this testimony before the trial and therefore counsel will not be deemed ineffective for failing to file a motion *in limine* to exclude the testimony.

 Appellant contends that he was prejudiced by the witness's remarks indicating he was on probation at the time of the incident and the fact of commission of one crime is not proof of the commission of another. The testimony of the witness was not offered to prove that appellant has a "criminal disposition," it was offered to explain the reason why appellant did not want to carry the guns down the street. Trial counsel will not be deemed ineffective for failing to move to strike the testimony since appellant was not so prejudiced as to deprive him of a fair trial.

Appellant contends that the trial court erred in admitting evidence relating to other crimes of which appellant allegedly had knowledge. Specifically, appellant complains

about the following testimony elicited by the District Attorney from the arresting officer, Officer McLinko:

Q: And did he (the defendant) say something about Cornwall having other guns and . . .

A: Yes.

Q: What was that?

A: That he had a whole car full of them.

Q: And then Mr. Dodge gave you some other information about other crimes?

A: Yes, I don't remember which . . . any specific ones.

Q: Well, did you put them in your report?

A: I'll have to look.

Q: Well, look through your report and see if you can refresh your recollection from that.

A: He told us where another pistol, an automatic, that a person had that was obtained from another person.

Q: Well, just read in the names, tell us what he told you?

A: He said that an Ike Stroke had a .22 Llama automatic.

BY MR. FLEURY:

Your Honor, I would object to this line of questioning. I think Mr. Barrett would certainly have to agree that Mr. Dodge may have furnished some helpful information to the police pertaining to other crimes, but has no material elements as to the case here. I just fail to see any relevance.

BY MR. BARRETT:

To the contrary, Your Honor, Mr. Dodge exhibited a great interest in telling . . . a great interest in informing . . . giving all sort of valuable, useful stuff so that he might be able to be of assistance to the police on, which would show his state of mind and his intent and what he was trying to do at the time.

BY MR. FLEURY:

Your Honor, unless they can show Mr. . . . and again, Mr. Barrett certainly has to admit that he can't show any

involvement by Mr. Dodge whatsoever, it's immaterial to this case, it's just a confusion of issues.

BY THE COURT:

Overrule the objection.

BY MR. BARRETT:

Q: If I may ask you a leading question. He told you ... he tried to give you information about two or three other crimes that other people were involved in?

A: Yes.

Q: And even the theft of Officer Dunn's revolver?

A: Yes.

Q: Told you lots of things about other people?

A: Yes.

Q: He wanted to deal?

A: Beg your pardon?

Q: Did he say he wanted to deal?

BY MR. FLEURY:

Objection.

BY THE COURT:

Sustain the objection.

N.T. vol. II at 7–10. Appellant contends that this testimony was irrelevant and prejudiced the jury against him.

■ Generally, such evidence is inadmissible in a criminal trial, but courts will allow this evidence to show a defendant's state of mind. *Commonwealth v. Barba*, 314 Pa.Super. 210, 460 A.2d 1103 (1983). The Commonwealth contends, and we agree, that the statement by appellant was used to show that appellant knew that the guns were stolen. The evidence was relevant to the issue in the case and appellant was not prejudiced by the evidence. Trial counsel was not ineffective for failing to raise the issue in post-trial motions.

Finally, appellant contends that the sentence imposed by the trial court was illegal since the property stolen does not meet the definition of a firearm as contained in the Uniform Firearms Act of Pennsylvania, 18 Pa.C.S. § 6101, *et seq.* Appellant was sentenced to a period of incarceration of a

minimum of three and one-half to a maximum of seven years. The Firearms Act defines a firearm as "Any pistol or revolver with a barrel less than 12 inches, any shotgun with a barrel less than 24 inches, or any rifle with a barrel less than 15 inches." 18 Pa.C.S. § 6102.

The Crimes Code characterizes a theft offense as a felony of the third degree "... if the amount involved exceeds $2,000, or if the property stolen is a firearm, automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle, or in the case of theft by receiving stolen property, if the receiver is in the business of buying or selling stolen property." 18 Pa.C.S. § 3903. This specific statutory provision does not contain a definition of a firearm. Thus, the question is whether the Legislature intended to incorporate the definition contained in § 6102 in the offense grading contained in § 3903.

■■■■ When construing a statute, words and phrases which have acquired a peculiar and appropriate meaning shall be construed according to that meaning. 1 Pa.C.S.A. § 1903(a). Statutes which relate to the same class of things are *in pari materia* and shall be construed together if possible. 1 Pa.C.S.A. § 1932. The term "firearm" has acquired a peculiar meaning via § 6102. Further, both § 6102 and § 3903 relate to the same class of things, *i.e.*, firearms. Finally, both sections were enacted as part of the same act, P.L. 1482, on December 6, 1972. Thus, we construe the offense grading contained in § 3903 to have incorporated the definition of a firearm contained in § 6102.

The Commonwealth, however, presented the testimony of Debbie Shaffer which was as follows:

Q: Okay, do you know Tim Dodge here?

A: Yes, sir.

Q: All right, now you recall early last December when your husband and Tim brought some rifles to your house?

A: Yes, I do.

Q: Okay, now, sometime later, did Tim Dodge say to you anything about these rifles?

A: Yes, he said that he was going to give Tom the 30/30 rifle for letting us stay ... for letting him stay with us and he also said that the other one, I don't know which kind ... what kind it is, that he was going to fence off to someone in Harrisburg.

N.T. at 23. The lower court, in its 1925 opinion, states that the Commonwealth provided overwhelming evidence to show that appellant was "in the business of buying or selling stolen property" within the meaning of 18 Pa.C.S.A. § 3903(a). In *Commonwealth v. Sparks*, 342 Pa.Super. 202, 492 A.2d 720 (1985), our Court held that the issue of whether the defendant was "in the business of buying or selling stolen property" was a question for the jury rather than a question for the court at sentencing.

In the present case, the lower court did not submit this issue to the jury although testimony was presented on this issue. At sentencing, the lower court graded the offense as a felony of the third degree since the rifle was a firearm under the statute. Since we have determined that the definition of a firearm under the Uniform Firearms Act applies to the grading to theft offenses, the lower court's conclusion cannot be upheld. The question of whether appellant was in the business of buying or selling was not a question that should have been addressed at the time of sentencing. Although the Commonwealth alleged a value of the rifles in the information, there was no evidence offered at trial as to the value of the rifles and the value issue was not submitted to the jury. Such evidence is part of the Commonwealth's burden of proof. *Commonwealth v. Hanes*, 361 Pa.Super. 357, 366–67, 522 A.2d 622, 625 (1987). In the absence of such proof, we are compelled to presume that value of the rifles is less than $50. *Commonwealth v. Walentoski*, 300 Pa.Super. 559, 565 n. 2, 446 A.2d 1300, 1303 n. 2 (1982). Thus, § 3903 requires that Dodge's offense be graded as a third-degree misdemeanor.

For the foregoing reasons, we affirm the lower court's order in part and remand in part for resentencing, with Dodge's offense graded as a third-degree misdemeanor rather than a third-degree felony.

Concurring statement by KELLY, J.

KELLY, Judge, concurring:

I join in the opinion of my learned colleague. I note only the following.

First, the definition of a "firearm" contained in 18 Pa. C.S.A. § 6102 is not the only such definition given to the term by the legislature. *See e.g.* 42 Pa.C.S.A. § 9712(e) (defining "firearm" under mandatory minimum sentences as any weapon including a starter gun which will or is designed to or may readily be converted to expel a projectile by the action of an explosive....). Nonetheless, I am persuaded by the Majority's reasoning that because the Uniform Firearms Act was passed as a part of the same legislation as the receiving stolen property statute, we may assume that a legislative scheme was established and thus should insert the definition of § 6102 into § 3903. *Compare Commonwealth v. Fitzhugh*, 360 Pa.Super. 217, 520 A.2d 424 (1987) (finding it inappropriate to supplant definition of "firearm" given in 18 Pa.C.S.A. § 6102 into 42 Pa.C.S.A. § 9712, where definition of "firearm" is already supplied).

Second, although I agree with the majority that a sentencing error occurred, I hasten to add that it resulted from trial error originally. The question of what degree of receiving stolen property appellant committed is dependent upon several substantive issues of fact, *i.e.* whether the stolen rifle appellant received was within the ambit of the "firearm" definition described in 18 Pa.C.S.A. § 6102; whether appellant was "in the business of" receiving stolen property; and the value of the rifle. Such issues must be decided by the jury at trial. *See Commonwealth v. Sparks*, 342 Pa.Super. 202, 492 A.2d 720 (1985). Failure to

instruct the jury to do so instantly prevented the necessary findings from being made.

Normally, such trial error requires reversal and remand for a new trial. *See e.g. Commonwealth v. Draxinger*, 345 Pa.Super. 554, 498 A.2d 963 (1985) (refusing to instruct jury to make findings on appropriate degree of homicide required remand for new trial). However, because appellant has argued to us on appeal that error occurred only in sentencing, we are bound to remand for resentencing. Here, because the fact finder was not instructed to find as to higher degrees of the crime, and because the trial court is unimpowered to do so at sentencing, *see Commonwealth v. Sparks, supra,* no finding as to any higher degree of receiving stolen property may be considered of record. The jury's verdict of guilty must be considered a finding of guilt as to only the lowest degree of culpability. Thus, as the majority ably concludes, appellant must be resentenced on only the lowest degree of receiving stolen property.