J-S06011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JULES KENNEDY | : | |
| | : | |
| Appellant | : | No. 2426 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 25, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0000711-2019

BEFORE:  LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    Filed: March 16, 2020

Jules Kennedy appeals from the judgment of sentence, entered in the Court of Common Pleas of Delaware County, following his conviction for theft by unlawful taking.[1]  After our review, we affirm.

The trial court set forth the facts as follows:

On September 24, 2018, [Kennedy], along with his co-defendant, was hired to remove various items from the victim's home. [Kennedy] was paid $600 for his services.  The victim also tipped [Kennedy] $100.  After [Kennedy] and his co-defendant left [the victim's residence], the victim noticed that the container she used to store loose change and stray bills was missing.  The victim immediately contacted [Kennedy], who claimed he did not take it. Video surveillance from the same day of the incident at the Giant in Broomall showed [Kennedy] and his co-defendant utilizing a Coin Star machine.  The video depicts [Kennedy] and his co-defendant in possession of the victim's stolen container.  Receipts indicate that [Kennedy] and his co-defendant used the Coin Star machine twice, one transaction for $291.29 with a usage fee of

---

[1] 18 Pa.C.S.A. § 3921(a).

$34.57 and another for $558.44 with a usage fee of $66.46. [Kennedy] admitted during the trial that he took around "250 bucks" from the victim's stolen container after the coins were put through the Coin Star machine.

Trial Court Opinion, 10/1/19, at 1-2 (citations omitted).

On June 19, 2019, following trial, the jury convicted Kennedy of theft by unlawful taking, graded as a misdemeanor of the first degree. The court sentenced Kennedy to 19 to 38 months' imprisonment followed by one year of probation. *See* 18 Pa.C.S.A. § 1104(1) (person convicted of misdemeanor of the first degree may be sentenced to imprisonment for definite term which shall be not more than five years). Kennedy filed a timely appeal, in which he raises one issue for our review: Whether the trial court erred in treating his theft conviction as a misdemeanor of the first degree when the jury made no finding as to the value of the theft. *See* Appellant's Brief, at 3.

The gravamen of Kennedy's claim is that the crime for which he was convicted should have been graded for sentencing purposes as a third-degree misdemeanor, not a first-degree misdemeanor. He argues the Commonwealth did not prove beyond a reasonable doubt "that the value of the theft exceeded $200[,]" *see* Appellant's Brief, at 5, and the jury did not make a finding of value. Accordingly, Kennedy claims, the trial court imposed an illegal sentence by grading the offense as a first-degree misdemeanor. Kennedy cites to *Apprendi v. New Jersey*, 530 US. 466 (2000), to support his argument. After careful review, we find this claim meritless.

An error in the grading of an offense implicates the legality of sentencing. ***Commonwealth v. Sanchez***, 848 A.2d 977, 986 (Pa. Super. 2004). "Such issues are non-waivable." ***Id.*** (citation omitted). "[T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." ***Commonwealth v. Williams***, 868 A.2d 529, 532 (Pa. Super. 2005) (citation omitted). Section 3903 of the Crimes Code, "Grading of theft offenses[,]" provides, in relevant part:

> **(b) Other grades**.--*Theft not within subsection (a), (a.1) or (a.2)* [felonies of the first, second and third degree], *constitutes a misdemeanor of the first degree*, except that if the property was not taken from the person or by threat, or in breach of fiduciary obligation, and:
>
> > (1) the amount involved was $50 or more but less than $200 the offense constitutes a misdemeanor of the second degree; or
> >
> > (2) the amount involved was less than $50 the offense constitutes a misdemeanor of the third degree.

18 Pa.C.S.A. § 3903(b) (emphasis added).

Under Section 3903, theft is presumptively graded as a misdemeanor with the burden placed on the Commonwealth to produce evidence for the fact finder if it seeks to increase the seriousness of the offense for grading purposes. ***Commonwealth v. Dodge***, 599 A.2d 668, 672 (Pa. Super. 1991). When the Commonwealth fails to present sufficient evidence of the value of the property, we are compelled to presume that the value is less than fifty dollars, and therefore the theft offense cannot be graded any higher than a

misdemeanor of the third degree. *Id*. at 672. **See** 18 Pa.C.S.A. § 1104(3) (maximum allowable sentence for third-degree misdemeanors is one year of incarceration).

Here, the Commonwealth established, through evidence of the Coin Star machine receipts *and Kennedy's own testimony*, that the value of the stolen property exceeded $200.00. **See** N.T. Jury Trial, 6/19/19, at 115, 206. Kennedy argues, however, that absent a stipulation of fact, the jury was required to make a specific finding of value. We disagree.

> In **Apprendi**, the United States Supreme Court was called upon to determine whether a jury finding was required before a penalty could be imposed under a New Jersey statute that provided for an extended sentence of ten to twenty years in addition to the sentence for the underlying offense if the crime was deemed to have been a hate crime. The Court held that *any fact*, other than a prior conviction, *that enhances the penalty for a crime beyond the statutory maximum* must be submitted to a jury.

**Commonwealth v. Shamberger**, 788 A.2d 408, 418 n.11 (Pa. Super. 2001) (en banc). In **Blakely v. Washington**, 542 U.S. 296 (2004), the United States Supreme Court clarified that a defendant's sentence can be increased where the defendant had admitted the existence of the circumstance that increased the sentence. If a defendant has admitted that a given fact exists, there is no need for judicial fact finding that results in an increased sentence in violation of the constitutional right to a jury trial.

The **Blakely** Court stated:

> Our precedents make clear . . . that the "statutory maximum" for **Apprendi** purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict

> *or **admitted by the defendant**. . . .* In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.

***Id.*** at 303-04 (emphasis added). **Accord Cunningham v. California**, 549 U.S. 270, 274-75 (2007) (citing **Apprendi**, **supra**) ("As this Court's decisions instruct, the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant."); **Commonwealth v. Belak**, 825 A.2d 1252, 1256 n.10 (Pa. 2003) (where defendant challenged enhancement because fact was not submitted to jury, Court found no **Apprendi** relief due since defendant stipulated at sentencing that victims were home during burglaries); **Commonwealth v. Johnson**, 961 A.2d 877, 881 (Pa. Super. 2008) ("[T]here is no Sixth Amendment violation where the defendant admitted the fact in question."); **Commonwealth v. Kearns**, 907 A.2d 649 (Pa. Super. 2006) (pursuant to **Apprendi**, factual determinations that constitute elements of offense of involuntary manslaughter graded as felony of second degree must be either admitted by defendant or found by jury beyond reasonable doubt).

Here, Kennedy was on notice that his charge was graded as a misdemeanor of the first degree. Both the criminal complaint and the bill of information list the grading of the offense as a misdemeanor of the first degree. **See** Criminal Complaint, 10/30/18; Information, 2/27/19. Further,

and critical to the disposition here, Kennedy admitted during trial that he took about "250 bucks" from the victim's stolen coin container.  N.T. Jury Trial, *supra* at 206.   There was no judicial fact finding.  We conclude, therefore, that no *Apprendi* relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/20